G., C. & S. F. R'y Co. v. J. D. KERFOOT.

(No. 5956.)

APPEAL from Brown County. Opinion by WILLSON, J.

J. W. TERRY, counsel for appellant.

No counsel appeared for appellee.

§ 452. *Transfer of cause from county to district court vests jurisdiction absolutely in latter court; retransfer not authorized.* This cause was pending in the county court. Because of the disqualification of the judge of that court to try the same, it was transferred properly

to the district court.   While the cause was pending in the district court the disqualified county judge was succeeded in office by a judge qualified to try the cause, and thereupon the district court, upon motion of appellee, transferred the cause back to the county court, where it was tried and judgment rendered for appellee.   *Held:* The cause was properly transferred from the county to the district court, and the effect of such transfer was to vest the latter court with absolute, unconditional jurisdiction over said cause.   There is no authority found in the statutes for a retransfer of a cause in such case from the district to the county court.   [R. S. arts. 1121, 1139; Hawes v. Foote, 64 Tex. 35.]   The cause can be tried only in the district court.

April 10, 1889.                 Reversed and remanded.